IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO GARCIA, | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | NO. 4:18-cv-4256 |
| INTERNATIONAL CONSTRUCTION EQUIPMENT, INC. | § § § | |
| *Defendant.* | § § § | |

## SUR-REPLY

[refers Doc # 22]

**TO THE HONORABLE LYNN NETTLETON HUGHES:**

COMES NOW, RICARDO "RICK" GARCIA, and files this sur-reply to the Defendant ICE's response filed on May 17, 2019.

Although a sur-reply is not always warranted, in this case, the ICE has mistakenly applied pre-ADAAA law in order to show that Rick's disability is precluded, as a matter of law. Other than the District Court opinion in *Stockton*, all of the cases that ICE cites, and all of the cases that *Stockton* relied on, were pre-ADAAA cases. Further, it appears that *Stockton* was mistakenly applying pre-ADAAA law, and from the pre-ADAAA analysis it described in the "regarded as" portion of the case. ICE must reply upon current ADAAA caselaw

The statute expressly identifies lifting as a major life activity. 42 U.S.C. § 12102(2)(A); *Thomas v. Werthan Packaging, Inc.*, 2011 WL 4915776, at *5 (M.D. Tenn. Oct. 17, 2011).

"[L]ifting is a major life activity regardless of whether an individual who claims to be substantially limited in lifting actually performs activities of central importance to daily life that require lifting." 29 C.F.R. Part 1630 App., § 1630.2(i), 76 Fed. Reg. 16978, 17008 (Mar. 25, 2011); id. at § 1630.2(i), 76 Fed. Reg. at 1716978, 17008 (Mar. 25, 2011).

The case law is consistent. *See Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 436 (9th Cir. 2018) (R.56) ("In our view, a stabbing pain when raising one's arm above chest height substantially limits the major life activity of lifting and possibly working."); *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 591 (5th Cir. 2016) (sufficient evidence that shoulder injury substantially limited such tasks as lifting and reaching; "Cannon and his doctor both stated that he is unable to lift his right arm above shoulder level and that he has considerable difficulty lifting, pushing, or pulling objects with his right arm."); *Mercado Cordova v. Walmart Puerto Rico, Inc.*, ___ F. Supp. 3d ___, 2019 WL 1430713, at *10–11 (D.P.R. Mar. 29, 2019) (10-pound restriction after spine surgery); *Clark v. State ex rel. Bd. of Regents of Univ. of Oklahoma*, 2016 WL 407316, at *2 (W.D. Okla. Feb. 2, 2016) (R.12) (plaintiff adequately alleged disability based on broken scapula resulting in 15-pound pushing and pulling restriction, and 10-pound lifting restriction, that lasted at least two months); *Gatlin v. Vill. of Summit*, 2015 WL 8780551, at *3 (N.D. Ill. Dec. 15, 2015) (sufficient evidence that after spinal-fusion surgery, plaintiff was restricted from lifting more than 20 pounds or from working except while sedentary; court cited EEOC example regarding 20-pound lifting restriction); *Rogers v. Mediacom, LLC*, 2015 WL 5722795, at *5 (M.D. Ga. Sept. 29, 2015) ("In light of changes made to the ADA in 2008 ... there is no longer confusion regarding whether lifting is a major life activity. Plaintiff throughout his employment with Defendant after his injury was restricted from lifting substantial weight"); *Barden v. King Soopers*, 2015 WL 4550427, at *5 (D. Colo. July 29, 2015) (fact issue whether plaintiff's lifting restrictions of forty pounds maximum and five pounds overhead was a substantial limitation in lifting); *Bray v. Town of Wake Forest*, 2015 WL 1534515, at *9 (E.D.N.C. Apr. 6, 2015); *Ceska v. City of Chicago*, 2015 WL 468767, at *3 (N.D. Ill. Feb. 3, 2015) (restricted to lifting eight pounds frequently and 20 pounds occasionally); *Molina-Parrales v. Shared Hosp. Services Corp.*, 992 F. Supp. 2d 841, 852–53 (M.D. Tenn. 2014) (collecting cases and finding ten-pound restriction substantially limiting); *Galvin-Stoeff v. St. John's Hosp. of the Hosp. Sisters of the Third Order of St. Francis*, 2014 WL

4056695, at *9 (C.D. Ill. Aug. 15, 2014) (30-pound lifting restriction may be substantial limitation, rejecting pre-ADAAA case law); *Resler v. Koyo Bearings USA LLC*, 2014 WL 1272114, at *7 (M.D. Ga. Mar. 27, 2014) (collecting cases and finding sufficient evidence of permanent lifting restriction on one arm that was constant source of pain); *Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 881 (N.D. Ill. 2014) (hernia made lifting difficult and pain, and doctors imposed ten-pound lifting restriction); *Heatherly v. Portillo's Hot Dogs, Inc.*, 958 F. Supp. 2d 913, 921 (N.D. Ill. 2013) (sufficient evidence given that high-risk pregnancy restricted employee to "light duty," meaning no heavy lifting); *Canfield v. Movie Tavern, Inc.*, 2013 WL 6506320, at *5 (E.D. Pa. Dec. 12, 2013); *Lohf v. Great Plains Mfg., Inc.*, 2012 WL 2568170, at *5–6 (D. Kan. July 2, 2012) (25- to 30-pound restriction sufficient); *Mills v. Temple University*, 2012 WL 1122888, at *8 (E.D. Pa. Apr. 3, 2012) (sufficient evidence that substantially limited in lifting); *Williams v. United Parcel Service, Inc.*, 2012 WL 601867 at * 3 (D.S.C. Feb.23, 2012) (adopting and approving magistrate's ruling denying summary judgment,33 which was based in part on 20-pound lifting restriction); *Molina v. DSI Renal, Inc.*, 840 F. Supp. 2d 984, 995 (W.D. Tex. 2012) (20-pound lifting restriction). *See also Farina v. Branford Bd. of Educ.*, 2010 WL 3829160, at *10–11 (D. Conn. Sept. 23, 2010) (15- to 20-pound restriction may suffice under ADAAA).

Prior case law on whether lifting restrictions were substantially limiting should no longer control. *See Mercado Cordova v. Walmart Puerto Rico, Inc.*, ___ F. Supp. 3d ___, 2019 WL 1430713, at *10–11 (D.P.R. Mar. 29, 2019) (R.56) (degenerative disc disease requiring spine surgery); *Tate v. Sam's East, Inc.*, 2013 WL 1320634, at *11 (E.D. Tenn. Mar. 29, 2013) (collecting cases); *Thomas v. Werthan Packaging, Inc.*, 2011 WL 4915776, at *5 (M.D. Tenn. Oct. 17, 2011) (rejecting prior analysis and finding fact question whether person with back condition—who testified that he might be able to lift 20 pounds but was not sure for how long—was substantially limited in lifting). *See also Bob-Manuel v. Chipotle Mexican Grill, Inc.*, 10 33 See Williams v. U.S. Services, Inc., 2012 WL 590049 (D.S.C. Jan. 31, 2012) (Magistrate's recommendation). 51 F. Supp. 3d 854, 881 (N.D. Ill. 2014) (R.56) (hernia); *Farina v. Branford Bd. of Educ.*, 2010 WL 3829160, at *11 (D. Conn. Sept. 23, 2010) (15- to 20-pound restriction may suffice under ADAAA).

Note, too, that a lifting restriction may reflect a substantial limitation in the major life activity of the operation of the musculoskeletal system. *Gough v. Lincoln Cty. Bd. of Cty. Commissioners*, 2016 WL 164632, at *3 (W.D. Okla. Jan. 13, 2016) (R.56) ("In the present case, Plaintiff suffered a back injury and, after prolonged treatment, was released from medical care with a permanent restriction. The spine and other bones in his back are, of course, part of Plaintiff's musculoskeletal system. The permanent restriction of lifting no weight greater than seventy-five pounds falls into the category of "major life activity."); *Barlow v. Walgreen Co.*, 2012 WL 868807, at *4 (M.D. Fla. Mar. 14, 2012) (evidence that back impairments caused great difficulty lifting even relatively light objects such as a gallon of milk). *See also McNamee v. Freeman Decorating Services, Inc.*, 2012 WL 1142710, at *4 (D. Nev. Apr. 04, 2012) (sufficient evidence that injured employee with comp history and lifting restrictions had disability under all three prongs).

Additionally, in light of the above, Rick requests that ICE's motion for summary judgment be denied.

Respectfully submitted,

**THE POERSCHKE LAW FIRM, PC**

/s/ R. Scott Poerschke, Jr.
R. SCOTT POERSCHKE, JR.
ATTORNEY-IN-CHARGE
SDTX No. 1134348
State Bar. No. 24067822
CHRIS J. AINSWORTH
SDTX No. 3006881
State Bar. No. 24072789
5111 Center Street
Houston, Texas 77007
Phone 713.974.1600
Fax 713.621.2106
scott@rsplegal.com
ainsworth@rsplegal.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I, R. Scott Poerschke, hereby certify that on May 20, 2019, a true and correct copy of the foregoing was served on the counsel of record below:

William R. Stukenberg  
Wedge International Tower    *Via EFM william.stukenberg@jacksonlewis.com*  
1415 Louisiana, Suite 3325  
Houston, Texas 77002  

Mehronissa Modgil  
JACKSON LEWIS P.C.    *Via EFM Mehronissa.modgil@jacksonlewis.com*  
500 N. Akard, Suite 2500  
Dallas, Texas 75201  

            /s/ R. Scott Poerschke  
            R. SCOTT POERSCHKE