United States District Court
Southern District of Texas
**ENTERED**
February 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Richard Gonzalez Garcia, Jr.,  §  §  § | |
| Plaintiff,  § § | |
| versus  § § | Civil Action H-18-4256 |
| T. Richard Morris, et al.,  § § § | |
| Defendants.  § | |

## Opinion on Summary Judgment

1.  *Background.*

In 2007, International Construction Equipment hired Richard Gonzalez Garcia, Jr., as a regional sales manager. Garcia was not required to repair in the field, handle equipment, or lift items to do repairs. He worked from home and did not have a set schedule.

ICE sales managers are given an annual sales quota at the beginning of the year. In 2015, Garcia only met 75% of his quota and was told that he might be fired if his sales did not improve. In 2016, Garcia's quota was $2,500,000. From January to July 2016, Garcia generated $194,677 – only 8% of his quota.

On August 3, 2016, Garcia fell from his truck while moving ICE hydraulic hoses, breaking his left arm and dislocating his left elbow. He drove himself to the hospital – Garcia is right-handed – and was admitted to surgery.

A few days later, Garcia filed a workers' compensation claim. On August 15, Dr. Gerald Gabel indicated in a status report that Garcia's injuries prevented him from returning to work, but Garcia continued to work full time and requested no accommodations. On August 17, Doctor Gabel cleared Garcia to return to work but indicated he could not use his left arm, hand, or wrist.

On August 23, Garcia had surgery on his elbow. He began weekly one-hour physical therapy sessions and continued working with no accommodations.

Doctor Gabel completed monthly workers' compensation status reports in September, October, and November indicating that Garcia could return to work if he did not use his left arm, hand, or wrist. On December 27, Doctor Gabel recommended Garcia return to work with no restrictions.

In 2016, Garcia generated $436,249 – only 17% of his quota. From August to November, Garcia generated more sales revenue per month than he had before he fell, then he generated only $8,831 in December. On January 5, 2017, ICE fired Garcia.

Garcia sued ICE and its officers – T. Richard Morris, Thomas Cunningham, and Christian Cunningham. He says he was fired because he is disabled, rather than because of low sales.

Garcia has a permanent impairment, but it is not a disability. Even if he were disabled, no fact shows that he was fired for any reason other than his low sales. He will take nothing from ICE, T. Richard Morris, Thomas Cunningham, and Christian Cunningham.

2. *Americans with Disabilities Act.*

To succeed on his discrimination claim, Garcia must show that he was fired because of a disability.

Garcia says that he is disabled because he cannot lift more than 10 pounds. On January 24, 2017, Doctor Gabel wrote in his treatment notes that Garcia was at maximum medical improvement but has a permanent impairment of 12 percent; Garcia says this shows he was disabled 19 days earlier, when he was fired.

A permanent impairment may be – but is not always – a disability. Under the ADA, a person is disabled if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has record of this impairment; or (3) is regarded as having this impairment.[1]

No fact indicates that Garcia's permanent impairment is severe enough

---

[1] 42 U.S.C. § 12102(1).

for him to be disabled under the ADA. Garcia was fired on January 5, 2017, but Doctor Gabel recommended he return to work without restrictions on December 27, 2016. Even before then, Garcia's inability to lift more than 10 pounds did not limit his ability to work; he worked full time after his surgeries and requested no accommodations, medical leave, or short-term disability leave. In his deposition, Garcia also said that his injuries – and the related surgeries and physical therapy – did not prevent him from selling equipment. No fact indicates that his inability to lift more than 10 pounds limited other major life activities. Garcia has a permanent impairment without being disabled.

Even if Garcia were disabled, no fact shows that he was fired for a reason other than his low sales. In 2015, Garcia was told that he might be fired if his sales did not improve. In 2016, generated only 17% of his quota. ICE's decision to fire him was a business judgment: Garcia was a low-performing sales manager who had repeatedly failed to meet his annual quota. His argument proves that ICE did not fire him because he was "disabled" – Garcia sold more after he fell, but not enough.

His discrimination claim fails.

3. Conclusion.

Richard Gonzalez Garcia, Jr., will take nothing from ICE, T. Richard Morris, Thomas Cunningham, and Christian Cunningham.

Signed on February 5, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge